**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3253-16T4

C.C.V.,[1]

      Plaintiff-Respondent,

v.

J.V.,

      Defendant-Appellant.

_____

      Argued November 28, 2018 – Decided  December 12, 2018

      Before Judges Nugent, Reisner and Mawla.

      On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1453-14.

      J.V., appellant, argued the cause pro se (Jeffrey Zajac, on the briefs).

      Katherine F. Richardson argued the cause for respondent (Richardson & Richardson, attorneys; Katherine F. Richardson, of counsel and on the brief).

---

[1] We use initials in order to protect the privacy of the parties.

PER CURIAM

Defendant, J.V., appeals from a Dual Judgment of Divorce that terminated the parties' nineteen-year marriage following an eighteen-day trial. On appeal, defendant argues:

POINT I:
THE CHANCERY DIVISION ERRED BY ADMITTING INTO EVIDENCE THE SO-CALLED "DAILY COLLECTION SHEETS," REQUIRING A REMAND ON THE ISSUE OF ALIMONY AND THE DEFENDANT'S INCOME FOR THE YEARS 2011 THROUGH 2013.

POINT II:
EVEN IF ONE ACCEPTS THE ADMISSIBILITY OF THE SO-CALLED COLLECTION SHEETS, THE CHANCERY DIVISION NEVERTHELESS ERRED IN ITS CALCULATION OF THE DEFENDANT'S INCOME FOR THE YEARS 2011 THROUGH 2013.

A. Barson's Determination of the Defendant's Income and Unreported Cash Lacked Credibility.

B. The Chancery Division's Determination of the Defendant's Income and Unreported Cash Is Untenable and Without Support.

POINT III:
THE DEFENDANT'S MONTHLY ALIMONY OBLIGATION OF $5,833 PER MONTH IS EXCESSIVE, AND REQUIRES SIGNIFICANT REDUCTION.

2

POINT IV:
THE CHANCERY DIVISION ERRED BY COMPELLING THE DEFENDANT TO PAY ALIMONY UNTIL THE AGE OF 72.

POINT V:
THE CHANCERY DIVISION ERRED BY INCLUDING THE DEFENDANT'S PRE-MARITAL VOYA RETIREMENT ACCOUNT AS AN ASSET SUBJECT TO EQUITABLE DISTRIBUTION.

POINT VI:
THE CHANCERY DIVISION ERRED IN AWARDING $75,000 IN COUNSEL FEES TO THE PLAINTIFF.

We affirm, substantially for the reasons expressed by Judge John A. Jorgensen, II in his March 2, 2017 oral opinion. Having considered defendant's arguments in light of the trial record and controlling legal principles, we find no abuse of discretion in the judge's evidentiary decisions. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010); Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999). Judge Jorgensen's credibility and factual determinations are supported by adequate, substantial, credible evidence. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Defendant's arguments to the contrary are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-3253-16T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3253-16T4